UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA           :
                                   :     **SEALED INDICTMENT**
          - v. -                   :
                                   :     22 Cr.
GAURAV DHINGRA,                    :
                                   :     **22 CRIM 180**
             Defendant.            :
                                   :
- - - - - - - - - - - - - - - - - X

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

**OVERVIEW OF THE SCHEME**

1.   From at least in or about 2019 to the present, GAURAV DHINGRA, the defendant, and others known and unknown, participated in a telephone scam and money laundering ring (the "Scheme") that targeted victims across the United States, including in the Southern District of New York.

2.   Victims of the Scheme received calls from individuals claiming to be from law enforcement or other government agencies.  The callers used fake narratives to trick victims, who were often elderly, into sending funds.  For example, callers told victims that the victims' identities had been compromised or that the victims' social security accounts were about to be suspended, and that the victims needed to send funds to avoid larger financial losses.

3. Callers generally directed victims to send funds in one of two ways. In the first method, callers instructed victims to withdraw cash, package it, and ship it to an address provided by the caller. Individuals known as "runners," would then retrieve the package – often using false forms of identification – and deposit the funds into bank accounts controlled by members of the Scheme, often after converting the cash to money orders.

4. Alternatively, callers directed victims to wire funds to other bank accounts controlled by members of the Scheme. These bank accounts had been opened by runners – sometimes in the name of a limited liability company in the runner's name – solely for the purpose of receiving victim deposits. Once the victim's funds were deposited into the account, the runners immediately depleted the account balance using difficult-to-trace means, including cash withdrawals and cashier's checks. These funds were then deposited into other bank accounts controlled by members of the Scheme.

5. Ultimately, participants in the Scheme wired victim funds to overseas entities or used "shell" accounts – that is, accounts in the names of business entities that do not conduct any legitimate business – to disguise further the ultimate destination of the funds. Over the course of the Scheme, participants laundered millions of dollars in victim funds.

2

**DHINGRA SUPERVISED RUNNERS IN THE SCHEME**

6. GAURAV DHINGRA, the defendant, led and organized key aspects of the Scheme. While residing in Canada, DHINGRA directed runners operating in multiple locations across the United States. For example:

   a. DHINGRA directed runners when and where to open bank accounts to receive and launder victim funds. After the runners opened accounts as directed, DHINGRA then alerted runners when victim funds would be arriving in the account.

   b. When victims shipped funds, DHINGRA alerted runners when and where a package containing victim funds would be arriving. When doing so, DHINGRA provided the runner with the name and address of the victim, to whom he referred as the "sender," and pressured runners to pick up the packages as soon as they arrived. Once the package from the victim arrived, DHINGRA required runners to provide a video showing receipt of the package and the runner opening the sealed package, in order to ensure that the runner did not steal any of the funds.

   c. Once a runner received victim funds, either in a package or in a bank account, DHINGRA provided detailed instructions to the runner about how to launder the funds, including by providing bank account names and account numbers, and directing the runner exactly how much of the victim funds should be deposited into each account.

3

   d. DHINGRA often directed runners to deposit funds into bank accounts for "shell" entities that other runners had opened at DHINGRA's direction. DHINGRA also instructed runners to make international wires of victim funds from these accounts.

   e. DHINGRA negotiated with runners what their "cut," or payment, would be for their work, which was typically paid from the victim funds that the runners laundered.

   f. DHINGRA used encrypted messaging applications to communicate with the runners, from whom he hid his real name. DHINGRA frequently reminded runners to keep their phones "clean" by deleting communications related to the Scheme.

## STATUTORY ALLEGATIONS

7. From at least in or about 2019 to the present, in the Southern District of New York and elsewhere, GAURAV DHINGRA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

8. It was a part and an object of the conspiracy that GAURAV DHINGRA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause

4

to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

9.  The allegations contained in paragraphs 1 through 6 are repeated and realleged as though fully set forth herein.

10. From at least in or about 2019 to the present, in the Southern District of New York and elsewhere, GAURAV DHINGRA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

11. It was a part and an object of the conspiracy that GAURAV DHINGRA, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, mail fraud and wire fraud,

5

in violation of Title 18, United States Code, Sections 1341 and 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

### COUNT THREE

(Money Laundering)

The Grand Jury further charges:

12.  The allegations contained in paragraphs 1 through 6 are repeated and realleged as though fully set forth herein.

13.  From at least in or about 2019, up to and including the present, in the Southern District of New York and elsewhere, GAURAV DHINGRA, the defendant, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

6

(Title 18, United States Code, Section 1956(a)(1)(B)(i).)

**FORFEITURE ALLEGATION**

14.  As a result of committing the offense alleged in Count One of this Indictment, GAURAV DHINGRA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

15.  As a result of committing the offenses alleged in Counts Two and Three of this Indictment, GAURAV DHINGRA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

**Substitute Assets Provision**

16.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

7

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**GAURAV DHINGRA,**

Defendant.

---

**SEALED INDICTMENT**

22 Cr.

(18 U.S.C. §§ 1349, 1956(h), 1956(a)(1)(B)(i).)

DAMIAN WILLIAMS
United States Attorney

_____
Foreperson